**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ramon Sanchez FERNANDEZ,**
**Defendant—Appellant.**

**No. 06–50595.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2008.

Filed May 27, 2008.

See also 526 F.3d 1247.

Michael .J. Raphael, Esq., Christopher M. Brunwin, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Thomas E. Loeser, Esq., Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

G. David Haigh, Esq., Law Offices of G. David Haigh, Santa Ana, CA, for Defendant–Appellant.

Before: GOODWIN, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Ramon Sanchez Fernandez appeals from his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1), and for aiding and abetting the distribution of cocaine in violation of 18 U.S.C. § 2. The facts and prior proceedings are known to the parties and are repeated herein only as necessary.

 We reject Fernandez's argument that the government's wiretap applications failed to demonstrate the necessity of the requested surveillance. *See United States*

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Decoud,* 456 F.3d 996, 1006 (9th Cir. 2006). Fernandez fails to point to any portion of the applications that constitute "generalized statements that would be true of any narcotics investigation," *United States v. Blackmon,* 273 F.3d 1204, 1208 (9th Cir.2001), nor does he cite to any portion of the record supporting his assertion that any confidential sources were available to the government when it filed the wiretap applications. Moreover, while the government did not inform the district court of its belief that a target suspect had adopted a new alias, such omission was immaterial because its inclusion would serve only to *bolster* the applications; the district court separately found probable cause supporting the government's targeting of the suspect under both names. *See United States v. Canales Gomez,* 358 F.3d 1221, 1225 (9th Cir.2004).

▮ Fernandez's contention that the investigation had already "produced seizures" nullifying the need for further wiretap surveillance also is unvailing. *See id.* ("[T]he mere attainment of some degree of success during law enforcement's use of traditional investigative methods does not alone serve to extinguish the need for a wiretap.") (quoting *United States v. Bennett,* 219 F.3d 1117, 1122 (9th Cir.2000)).

Lastly, as Fernandez concedes, the wiretap order properly authorized the targeting of "others unknown." *See United States v. Kahn,* 415 U.S. 143, 151, 94 S.Ct. 977, 39 L.Ed.2d 225 (1974).

Accordingly, Fernandez's conviction is AFFIRMED.[1]

---

**1.** In a concurrently filed opinion, we address Fernandez's other arguments concerning his conviction and sentence. *See U.S. v. Fernandez,* 526 F.3d 1247 (9 Cir.2008).